## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LP BROWN, T&F OIL COMPANY, AND THE OXY GROUP, LLC**<br><br>v.<br><br>**JEFFREY TODD WAYCASTER, STEVEN FORD, AND BIG RIVER OIL FIELD SERVICES, LLC** | *   CIVIL ACTION NO.: 2:13-cv-04892<br>*<br>*   SECTION: L<br>*<br>*   JUDGE: FALLON<br>*<br>*   MAGISTRATE JUDGE: KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Jeffrey Todd Waycaster, Steven Ford, and Big River Oil Field Services, LLC (collectively, "Defendants"), respectfully submit files this Answer and Affirmative Defenses denying each and every allegation contained in the Amended Complaint (Rec. Doc. 17) filed by Plaintiffs, LP Brown, T&F Oil Company, and The Oxy Group, LLC (collectively, "Plaintiffs"), except as expressly admitted hereinafter:

### ANSWER

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that Plaintiff, T&F Oil Company, is a Louisiana limited liability company. The remaining allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are admitted.

4.

The allegations of Paragraph 4 are admitted.

5.

The allegations of Paragraph 5 are admitted.

6.

It is admitted that Mr. Waycaster is an individual of legal age of majority who is a resident of Natchez, Mississippi. The remaining allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

It is admitted that venue is proper in the U.S. District Court for the Eastern District Court of Louisiana under 28 U.S.C. § 1441(a). The remaining allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

Plaintiffs admit that Mr. Waycaster participated in phone calls with James M. Roberson and Jonathan Fontenot. The remaining allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied.

14.

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 are denied.

21.

The allegations of Paragraph 21 concerning an alleged breach of legal employment contract by Mr. Waycaster are denied. The remaining allegations of Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 are denied.

27.

The allegations of Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations of Paragraph 29 are denied.

30.

The allegations of Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations of Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 are denied.

34.

The allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 are denied.

36.

The allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 are denied.

38.

The allegations of Paragraph 38 are denied.

39.

The allegations of Paragraph 39 are denied.

40.

The allegations of Paragraph 40 are denied.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46, which incorporates the allegations of Paragraphs 24 through 45, are denied.

47.

The allegations of Paragraph 47 are denied.

48.

The allegations of Paragraph 48 are denied.

49.

The allegations of Paragraph 49 are denied.

50.

The allegations of Paragraph 50 are denied.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied.

57.

The allegations of Paragraph 57 are denied.

58.

The allegations of Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.

The allegations of Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations of Paragraph 61 are denied.

62.

The allegations of Paragraph 62 are denied.

63.

The allegations of Paragraph 63 are denied.

64.

The allegations of Paragraph 64 are denied.

65.

The allegations of Paragraph 65, which incorporates the allegations of Paragraphs 58 through 64, are denied.

66.

The allegations of Paragraph 66 are denied.

67.

The allegations of Paragraph 67 are denied.

68.

The allegations of Paragraph 68 are denied.

69.

The allegations of Paragraph 69 are denied.

70.

The allegations of Paragraph 70 are denied.

71.

The allegations of Paragraph 71 are denied.

72.

The allegations of Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of Paragraph 73 are denied.

74.

The allegations of Paragraph 74 are denied.

75.

The allegations of Paragraph 75 are denied.

76.

The allegations of Paragraph 76 are denied.

77.

The allegations of Paragraph 77 are denied.

78.

No response is required to Plaintiffs' jury demand. To the extent a response is required, the allegations of Paragraph 78 are denied.

79.

Defendants deny all allegations set forth in Plaintiffs' "WHEREFORE" paragraph.

## AFFIRMATIVE DEFENSES

Further answering, Defendants specifically plead the following affirmative defenses. To the extent that the following defenses appear contradictory or mutually exclusive, Defendants plead said defenses in the alternative.

80.

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

81.

## SECOND DEFENSE

Plaintiffs' claims are prescribed, preempted, or otherwise barred by the passage of time.

82.

## THIRD DEFENSE

Venue is improper on the basis of the doctrine of forum non conveniens.

83.

## FOURTH DEFENSE

Defendants are improperly joined in violation of Rule 21 of the Federal Rule of Civil Procedure.

84.

## FIFTH DEFENSE

Plaintiffs have failed to state claims for breach of legal employment contract against Mr. Waycaster because no legal employment contract existed between Plaintiffs and Mr. Waycaster.

85.

## SIXTH DEFENSE

To the extent Plaintiffs should provide sufficient proof of injury and/or damages for breach of legal employment contract by Mr. Waycaster, which is expressly denied, then in that event, Big River Oil Field Services, LLC, and Mr. Ford cannot be liable for same because the doctrine of *respondeat superior* does not apply.

86.

## SEVENTH DEFENSE

Plaintiffs have failed to state claims for fraud against Defendants for failure to state the claims with particularity.

87.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiffs have failed to join any necessary, required, or indispensable parties.

88.

## NINTH DEFENSE

Defendants have not breached any duty - contractual or otherwise - owed to Plaintiffs.

89.

## TENTH DEFENSE

The claims of Plaintiffs are barred in whole or in part by the doctrines of consent, waiver, ratification, accord and satisfaction, voluntary payment, settlement, compromise, estoppel, and/or res judicata. Defendants assert all rights of setoff available under applicable law.

90.

## ELEVENTH DEFENSE

Plaintiffs have not sustained any cognizable damages.

91.

## TWELFTH DEFENSE

To the extent Plaintiffs should provide sufficient proof of injury and/or damages, which is expressly denied, then in that event, Defendants aver that Plaintiffs have failed to mitigate damages.

92.

## THIRTEENTH DEFENSE

To the extent Plaintiffs should provide sufficient proof of injury and/or damages, which is expressly denied, then in that event, Defendants aver that any injury or damage occurred through

no negligence or fault on Defendants' part or on the part of any persons for whom Defendants may be held responsible, but to the contrary, occurred through the negligence or fault of Plaintiffs or others over whom Defendants had no authority or control, in fact or in law.

93.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred to the extent that Defendants complied with all applicable provisions of state and federal law and rules of professional conduct.

94.

**FIFTEENTH DEFENSE**

Plaintiffs are estopped from recovery against Defendants because their damages were caused solely by their own acts, omissions, or failures to act appropriately under the circumstances.

95.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, based on the doctrine of unclean hands.

96.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, based on the doctrine of assumption of the risk and contributory negligence.

97.

**EIGHTEENTH DEFENSE**

Defendants affirmatively plead all defenses available to them under Rule 12(b) of the Federal Rules of Civil Procedure.

98.

**NINETEENTH DEFENSE**

There was no fiduciary relationship between Plaintiffs and Defendants.

99.

**TWENTIETH DEFENSE**

Plaintiffs have improperly cumulated actions in violation of Rule 21 of the Federal Rule of Civil Procedure. The claims regarding an alleged breach of legal employment contract in Paragraph 8 through Paragraphs 23 do not arise out of the same transaction or occurrence alleged in the other paragraphs.

100.

**TWENTY-FIRST DEFENSE**

There was no attorney-client relationship between Mr. Waycaster and any of the Plaintiffs.

101.

**TWENTY-SECOND DEFENSE**

The Amended Complaint fails to plead a basis for liability under the doctrine of *respondeat superior* against Big River Oil Field Services, LLC or Mr. Ford.

102.

**TWENTY-THIRD DEFENSE**

Defendants reserve the right to amend this Answer and Affirmative Defenses to assert any additional defenses, if and when, in the course of its investigation, discovery, or preparation for trial, such defenses become known and/or it otherwise becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendants pray that this Answer and Affirmative Defenses be deemed sufficient and that after due proceedings have been held,

(a) that the Amended Complaint be dismissed, with prejudice, and at Plaintiffs' cost;

(b) that there be judgment in favor of Defendants on the Amended Complaint; and

(c) that there be judgment in favor of Defendants granting them all other relief to which they are entitled in law and equity.

>Respectfully submitted,
>
>JOHN W. KOLWE (#20903)
>Jones Walker LLP
>600 Jefferson Street, Suite 1600
>P.O. Drawer 3408
>Lafayette, LA 70502-3408
>Telephone:  (337) 262-9000
>Facsimile:  (337) 262-9001
>jkolwe@joneswalker.com
>
>JAMES C. PERCY, T.A. (#10413)
>Jones Walker LLP
>8555 United Plaza Blvd
>Baton Rouge, Louisiana 70809
>Telephone: 225-248-2000
>Facsimile: 225-248-2010
>jpercy@joneswalker.com
>
>AND
>
>*/s/ Brett S. Venn*
>_____
>BRETT S. VENN (La. No. 32954)
>Jones Walker LLP
>201 St. Charles Avenue, 51st Floor
>New Orleans, Louisiana 70170-5100
>Telephone: (504) 582-8000
>Facsimile:  (504) 589-8116
>bvenn@joneswalker.com
>**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 2, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Brett S. Venn*